IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA  §
§
V.  §  NO. 3:19-CR-112-K
§
SUZANNE AILEEN GAGNIER  §

DEFENDANT GAGNIER'S RESPONSE TO GOVERNMENT'S
PROPOSED RULE 502(D) PROTOCOL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SUZANNE AILEEN GAGNIER, and submits this her Response to the Government's Proposed Rule 502(d) Protocol and would show the following:

On October 27, 2020, defense counsel received an email from Mr. Vincent Falvo, DOJ Trial Attorney, seeking defense counsel's position as to the government's proposed Rule 502(d) protocol for disclosure of material subject to potential claims of privilege. In a telephone conversation with Mr. Falvo, on October 29th, Mr. Falvo was unable to answer certain questions that defense counsel had regarding the proposed protocol, stating that he was merely the "filter" attorney, not the trial attorney assigned to the case. Because Mr. Falvo planned to file the motion that same day, defense counsel objected. However, defense counsel's questions regarding certain technical details of the proposed protocol now have been answered.

While defense counsel does not have any substantive objection to the Court's adoption and implementation of the government's proposed protocol, she would join in the objections filed by other defendants in this case, regarding the government's proposed order's 14 business day response time, in which both to review the potentially privileged documents and, also, to provide a corresponding privilege log. The government has identified approximately 355 potentially privileged documents for Ms. Gagnier to review and, if necessary, over which to assert the attorney-client privilege. Defense counsel would request that the deadline by when these documents are to have been reviewed and recorded in a corresponding privilege log, with attendant claims and bases for the assertion of the attorney-client

DEFENDANT GAGNIER'S RESPONSE TO GOVERNMENT'S
PROPOSED RULE 502(D) PROTOCOL

privilege, be extended from 14 days to at least 45 days. A 14-day response deadline is an untenable deadline for defense counsel to meet, because of deadlines she must meet in other cases. Specifically, she is set to go to trial on January 8, 2021, in Cause No. 4:19-CR-250; United States of America v. Matthew Gilmore; In the United States District Court for the Eastern District of Texas, Sherman Division.

Alternatively, an order requiring the parties to confer within a specified time (e.g., 30-60 days), *after* the government's production of the potentially privilege documents, to determine a reasonable deadline for the production of privilege logs, could be another and, perhaps, more realistic solution to the response time limit objections made by defense counsel. All defense counsel would have had an opportunity to review the scale and scope of the potentially privileged materials and could then more accurately gauge the amount of necessary response time.

Defense counsel also today conferred with Mr. Falvo and his associate, Mr. John Kosmidis, another DOJ "filter team" attorney, to clarify the proposed procedure for defense counsel to challenge a claimant's assertion of privilege, or, to seek disclosure on some other ground. In addition to the proposed imposition of a 14 business day deadline for defense counsel to produce a privilege log, the government proposes a 7 business day deadline for defense counsel to review, challenge, or, seek disclosure of referenced documents in privilege logs, including the filing of motions to compel production. Defense counsel suggested that that 7 business day deadline was also unrealistic. Mr. Kosmodis said that the proposed order included a provision allowing the parties to agree to an extension of these deadlines and, if necessary, would not preclude defense counsel from seeking an extension of the deadlines from the Court. Defense counsel responded that the proposed order did not include such a provision and Mr. Falvo agreed that such a provision was not included in the order. I informed Mr. Kosmodis that I would request that the Court include in its order a provision permitting defense counsel to confer and to agree to an extension of the imposed deadlines and, if necessary, could otherwise petition for an extension of the deadlines from the Court. He said that he would speak with the Trial Team with regard to their position on this matter.

Defendant Gagnier is opposed to the government's proposed 14 business day response time in which to review and to respond to the potentially privileged documents and, also, to the 7 business day response time in which to review, challenge, or, seek disclosure of referenced documents in privilege logs,

**DEFENDANT GAGNIER'S RESPONSE TO GOVERNMENT'S**
**PROPOSED RULE 502(D) PROTOCOL**

including the filing of motions to compel production.   She would request more time both to produce and

to respond to and challenge privilege logs.   Alternatively, she would ask the Court to allow defense

counsel an opportunity to review the potentially privileged documents *before* setting response deadlines

for both the production of privilege logs and the challenges to privilege logs.

Respectfully submitted,

**s/Sally G. Goodman**

Sally G. Goodman
State Bar No. 08158500
325 N. St. Paul Street, Suite 2030
Dallas, Texas  75201
T:  214.748.3230
F:  214.748.3236
sally@sallygoodmanlaw.com

Attorney for Defendant,
Suzanne Aileen Gagnier

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2020, I electronically filed the foregoing docket with the

clerk for the United States District Court, Northern District of Texas, using the electronic case filing

system of that court.   The electronic case filing system sent a "Notice of Electronic Filing" to the

attorneys of record who have consented in writing to accept this Notice as service of this document by

electronic means.

**s/Sally G. Goodman**
Sally G. Goodman